IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **WILL J. HANNA, II,** | * | |
| Plaintiff, | * | |
| v. | * | Civil No. SAG-24-1537 |
| **BALTIMORE CITY BOARD OF ELECTIONS,** *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Plaintiff Will J. Hanna, II ("Plaintiff"), who is self-represented, filed this action on May 24, 2024 against the Baltimore City Board of Elections (the "City Board") and Armstead Jones, and the Maryland State Board of Elections (the "State Board") and Jared DeMarinis (collectively, "Defendants"). Presently pending is Defendants' Motion to Dismiss, ECF 17. Despite having been advised by the Clerk of the filing of the potentially dispositive motion and the possible consequences of a failure to respond, ECF 18, Plaintiff has not filed an opposition. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated herein, Defendants' Motion to Dismiss will be granted, and the case will be dismissed.

The Complaint alleges that the specimen ballots sent by the City Board confused some voters and asks that certification of the May 2024 primary election be enjoined. ECF 1. Plaintiff did not seek a temporary restraining order or other emergency relief, despite the fact that he filed his suit fourteen days after the election in question.

The City Board certified its election results on May 28, 2024, and the State Board certified the primary election results for the state as a whole on June 13, 2024.[1] ECF 17-1 at 3. In July, 2024, this Court entered an order alerting Plaintiff that while the United States Marshal would effect service in this matter, it was Plaintiff's responsibility to prepare summonses for each defendant, including a proper service address. ECF 4. The order explained that the summons Plaintiff had previously prepared contained the wrong addresses. *Id.* at 1.

The docket does not reflect the date Plaintiff delivered revised summonses to the Clerk's Offices, but new summonses issued on August 22, 2024. ECF 5. However, they contained the same incorrect addresses as the prior versions. The United States Marshal mailed the new summonses to those same incorrect addresses.

A case is moot where, while the case remains pending, events occur to make "it impossible for the court to grant any effectual relief to the plaintiff." *Lancaster v. Sec. of Navy*, 109 F.4th 283, 288-89 (4th Cir. 2024). The only relief sought in this Complaint, enjoining certification of the May 2024 primary election, cannot now be effected. That election was certified four days after this lawsuit was filed and well before Plaintiff served any defendant with process.[2] Plaintiff took no action to seek emergency injunctive relief before that certification. At this point, the primary election results have been long-certified, and the candidates selected in the primary were on the ballot for the general election, which occurred on November 5, 2024. There is therefore no effectual injunctive relief that could be granted to Plaintiff as a result of his lack of urgency: his

---

[1] This Court takes judicial notice of these certification dates, which are a matter of public record and are not reasonably subject to dispute. *See* Fed. R. Evid. 201. This Court also takes judicial notice that Baltimore City's primary election occurred on May 14, 2024.

[2] To this day, it remains unclear whether any defendant has been properly served, but this Court need not reach this issue because the case is moot.

delayed filing of this lawsuit, his failure to seek emergency relief, and the resulting intervening events.

For the reasons set forth above, Defendants' unopposed Motion to Dismiss, ECF 17, is granted. This case will be closed. A separate Order follows.

Dated: January 3, 2025                                    /s/
                                                Stephanie A. Gallagher
                                                United States District Judge